UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL T. TOOLE, | Case No. 12-CV-2445 (PJS/TNL) |
| Petitioner, | |
| v. | ORDER |
| J.E. KRUEGER, Warden, | |
| Respondent. | |

Michael T. Toole, pro se.

D. Gerald Wilhelm, UNITED STATES ATTORNEY'S OFFICE, for respondent.

This matter is before the Court on the objection of petitioner Michael Toole to the November 26, 2012 Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung. Judge Leung recommends that Toole's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be denied. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court sustains Toole's objection and grants his § 2241 petition.

Toole, a former state-court judge, is serving a 30-month sentence in the Federal Prison Camp in Duluth, Minnesota. On September 27, 2012, Toole completed the first of three components of the Residential Drug Abuse Program ("RDAP").[1] Toole contends that, as a result, the Bureau of Prisons ("BOP") has the *authority* (although, he concedes, not the

---

[1] The other two components consist of (1) follow-up services, in which an inmate must participate "[i]f time allows" before transfer to a community-based program, and (2) the "transitional drug abuse treatment" (or "TDAT") component, which takes place after transfer to community confinement. 28 C.F.R. § 550.53(a).

*obligation*) to immediately place him in a home-confinement program. Toole contends that this authority derives from 18 U.S.C § 3621(e)(2)(A), which states, in pertinent part: "Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate."

Respondent disagrees. According to respondent, the only authority under which the BOP can designate an inmate to home confinement is found in 18 U.S.C. § 3624(c), which governs prerelease custody determinations during the last 12 months of an inmate's incarceration. Under Section 3624(c)(2), the BOP may place an inmate in home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months" — which, in Toole's case, would mean that he is not eligible for home confinement until the end of December.

Because Toole contends that he has been eligible for home confinement since September 27, 2012, and because Toole is scheduled to be placed in home confinement on January 2, 2013, ECF No. 20 at 1, Toole seeks an expedited decision on his petition. Doing its best to work through this complicated issue in the short amount of time available to it, the Court holds that Toole is correct: Under § 3621(e)(2)(A), the BOP has had the authority to place Toole in home confinement since September 27, 2012, when Toole completed the first component of the RDAP.

Toole's petition essentially presents three questions: First, has Toole "successfully completed a program of residential substance abuse treatment" for purposes of § 3621(e)(2)(A)? Second, does § 3621(e)(2)(A) give the BOP the authority to place an inmate who has completed

such a program in home confinement? And finally, if the BOP has the authority to place such an inmate in home confinement under § 3621(e)(2)(A), do the time limits in § 3624(c)(2) limit that authority?

The Court begins with the last question, which is the easiest to answer. Toole is correct that the time limits in § 3624(c)(2) do not limit whatever authority the BOP has under § 3621(e)(2)(A) to place an inmate in home confinement. The statute itself makes this clear. Section 3624(c)(4) expressly states that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." Moreover, even before § 3624(c) was amended to include this language, the Eighth Circuit had rejected an argument that § 3624(c) limited the BOP's authority under a different subsection of § 3621. *Elwood v. Jeter*, 386 F.3d 842, 846-47 (8th Cir. 2004). In so holding, the Eighth Circuit implicitly rejected the argument (relied on by the dissent in *Elwood*, and by Judge Leung in the R&R) that the specific provisions of § 3624(c) should govern over the more general provisions of § 3621 and that the petitioner's position rendered § 3624(c) mere surplusage. *See id.* at 847-48 (Riley, J. dissenting). If the BOP has the authority under § 3621(e)(2)(A) to place Toole in home confinement, then both § 3624(c)(4) and *Elwood* make clear that nothing in § 3624(c) limits that authority.

As noted, determining whether § 3621(e)(2)(A) in fact gives the BOP the authority to place Toole in home confinement involves two questions: (1) Whether Toole has "successfully completed a program of residential substance abuse" within the meaning of that provision and, if so, (2) whether that provision gives the BOP the authority to place Toole in home confinement.

Respondent notes — in passing, and in the "Background" section of his brief — that "[s]uccessful completion of [the] RDAP requires an inmate to successfully complete all three components." *See* 28 C.F.R. § 550.53(a) ("[t]o successfully complete the RDAP, inmates must complete each of the following [three] components"). But nowhere in his brief does respondent explicitly argue that Toole has not completed a "program of residential substance abuse treatment" for purposes of § 3621(e)(2)(A). In particular, nowhere in his brief does respondent dispute Toole's careful and detailed argument that the first, "unit-based" component of the RDAP — a component that lasts a minimum of six months and that takes place in a treatment unit set apart from the general prison population, *see* 28 C.F.R. § 550.53(a)(1) — meets the definition of "residential substance abuse treatment" in § 3621(e)(5)(A). *See* 18 U.S.C. § 3621(e)(5)(A) (defining "residential substance abuse treatment" as "a course of individual and group activities and treatment, lasting at least 6 months, in residential treatment facilities set apart from the general prison population"). Notably, the R&R indicated that completing the unit-based component triggers § 3621(e)(2)(A), *see* R&R at 15 ("Section 3621(e)(2)(A) provides that a prisoner who has completed the unit component of the RDAP 'shall remain in the custody of the [BOP] under such conditions as the [BOP] deems appropriate.'"), and respondent did not object in any way to this assertion.

Given the importance of this issue to Toole's petition, the Court considers respondent's failure to argue explicitly that Toole has not successfully completed a "program of residential substance abuse treatment" within the meaning of § 3621(e)(2)(A) — combined with respondent's failure to object to Judge Leung's indication that the unit-based component satisfies the requirements of § 3621(e)(2)(A) — to be a concession that Toole has "successfully

completed a program of residential substance abuse treatment" for purposes of § 3621(e)(2)(A). The Court also notes that respondent explicitly conceded that the third component of the RDAP can be completed by the inmate while in home confinement. ECF No. 8 at 9. This is necessarily a concession that, *if* § 3621(e)(2)(A) gives the BOP authority to place an inmate in home confinement after the inmate has "successfully completed a program of residential substance abuse treatment," that authority can be exercised before the inmate completes the third component of the RDAP.[4] The only remaining question, then, is whether § 3621(e)(2)(A) gives the BOP authority to place an inmate in home confinement after the inmate has "successfully completed a program of residential substance abuse treatment."

The BOP's general custodial authority over inmates is set forth in §§ 3621(a) and (b). Section 3621(a) commits a person who has been sentenced to a term of imprisonment to the "custody" of the BOP "until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624." Section 3621(b), in turn, authorizes the BOP to designate "any available penal or correctional facility" as the place of the inmate's imprisonment. There is authority for the proposition that a "penal or correctional facility" includes a community corrections center. *See Goldings v. Winn*, 383 F.3d 17, 25-28 (1st Cir. 2004).[5] Respondent argues, however, that a "penal or correctional facility" does not

---

[4]The second component of the RDAP — which appears to be designed to help inmates transition back to the general prison population — must be completed only "[i]f time allows between completion of the unit-based component of the RDAP and transfer to a community-based program . . . ." 28 C.F.R. § 550.53(a)(2). Toole asserts — and respondent does not dispute — that "time" does not "allow[]" him to complete the second component of the RDAP.

[5]In *Elwood*, the government conceded that a community corrections center is a "penal or correctional facility," and the Eighth Circuit assumed that was true for purposes of its analysis. *Elwood*, 386 F.3d at 846; *see also Miller v. Whitehead*, 527 F.3d 752, 755 n.3 (8th Cir. 2008).

include home confinement. *See Monigold v. Berkebile*, No. 07-CV-0750, 2008 WL 623350, at *8 (N.D. Tex. Mar. 5, 2008) ("Because home confinement does not equate to a penal or correctional facility, § 3621(b) does not permit the BOP to designate an inmate's home as his place of imprisonment.").

It may be true that an inmate's home is not a "penal or correctional facility" within the meaning of § 3621(b). But Toole is not relying on § 3621(b). Instead, Toole is relying on § 3621(e)(2)(A), which does not require that the inmate be confined in a "penal or correctional facility." Section 3621(e)(2)(A) requires only that the BOP keep the inmate in "*custody . . . under such conditions as the Bureau deems appropriate.*" The Court concludes that this provision authorizes home confinement, for two reasons:

*First*, both the Supreme Court and the Eighth Circuit have recognized that the question of whether an inmate is in "custody" turns not on the inmate's location — that is, on whether he is confined to a particular facility — but instead on whether the inmate is subject to the BOP's control. In *Reno v. Koray*, 515 U.S. 50, 62-63 (1995), the Supreme Court explained, albeit in a different context, that whether a defendant is in "official detention" for purposes of granting credit for prior custody depends on whether the defendant is in the BOP's custody. In so holding, the Court recognized that the place of confinement does not define whether an inmate is in the BOP's custody; rather, the relevant question is whether the inmate is subject to the BOP's control. *Id.* at 63 ("Unlike defendants 'released' on bail, defendants who are 'detained' or 'sentenced' *always remain subject to the control of the Bureau*. This is an important distinction, as the identity of the custodian has both legal and practical significance. A defendant who is 'released' is not in BOP's custody . . . ." (citation omitted)); *see also Moreland v. United States*,

include home confinement. *See Monigold v. Berkebile*, No. 07-CV-0750, 2008 WL 623350, at *8 (N.D. Tex. Mar. 5, 2008) ("Because home confinement does not equate to a penal or correctional facility, § 3621(b) does not permit the BOP to designate an inmate's home as his place of imprisonment.").

It may be true that an inmate's home is not a "penal or correctional facility" within the meaning of § 3621(b). But Toole is not relying on § 3621(b). Instead, Toole is relying on § 3621(e)(2)(A), which does not require that the inmate be confined in a "penal or correctional facility." Section 3621(e)(2)(A) requires only that the BOP keep the inmate in "*custody . . . under such conditions as the Bureau deems appropriate.*" The Court concludes that this provision authorizes home confinement, for two reasons:

*First*, both the Supreme Court and the Eighth Circuit have recognized that the question of whether an inmate is in "custody" turns not on the inmate's location — that is, on whether he is confined to a particular facility — but instead on whether the inmate is subject to the BOP's control. In *Reno v. Koray*, 515 U.S. 50, 62-63 (1995), the Supreme Court explained, albeit in a different context, that whether a defendant is in "official detention" for purposes of granting credit for prior custody depends on whether the defendant is in the BOP's custody. In so holding, the Court recognized that the place of confinement does not define whether an inmate is in the BOP's custody; rather, the relevant question is whether the inmate is subject to the BOP's control. *Id.* at 63 ("Unlike defendants 'released' on bail, defendants who are 'detained' or 'sentenced' *always remain subject to the control of the Bureau*. This is an important distinction, as the identity of the custodian has both legal and practical significance. A defendant who is 'released' is not in BOP's custody . . . ." (citation omitted)); *see also Moreland v. United States*,

968 F.2d 655, 659 n.8 (8th Cir. 1992) ("There exists a strong presumption that 'custody' refers to the legal authority of the custodian . . . . The physical conditions to which federal inmates are subjected vary widely . . . . The only common link among all those settings is that the inmates are always subject to the authority of the Attorney General." (citation and quotations omitted)); *Goldings*, 383 F.3d at 25 (noting that *Koray* "recogniz[ed] that the relevant criteria for determining whether a court-imposed period of pre-trial detention in a CCC or other facility may be credited against a term of imprisonment is not the type or place of confinement but whether the defendant is in BOP custody"). These precedents suggest that an inmate who is confined to his home is still in the BOP's "custody" so long as the inmate remains subject to the control of the BOP.

*Second*, the BOP interprets a provision that is substantively identical to § 3621(e)(2)(A) — 18 U.S.C. § 4046(c) — to give it authority to place qualified inmates in home confinement notwithstanding the time limitations in § 3624(c). *See* BOP Program Statement 7320.01 (Sept. 6, 1995).[6] So far as the Court can tell, the BOP's understanding of § 4046(c) is well-established and uncontroversial. *See United States v. Pipitone*, 67 F.3d 34, 36 (2d Cir. 1995) (noting that, in exchange for completing a shock-incarceration program under § 4046(b), a defendant may be considered for home confinement under § 4046(c)); U.S.S.G. § 5F1.7 cmt. (noting that, in return for completing a shock-incarceration program, "the defendant is eligible to

---

[6]The reference to this exception in Program Statement 7320.01 could be read to address the BOP's authority to place inmates in community corrections facilities rather than its authority to place inmates in home confinement. Program Statement 7320.01 is entitled "Home Confinement," however, and its "purpose and scope" is to "establish policy and procedures for referral and placement of pre-release inmates in Community Corrections home confinement programs." The Court therefore interprets it to address only the BOP's home-confinement authority.

serve the remainder of his term of imprisonment in a graduated release program comprised of community corrections center and home confinement phases"). If § 4046(c) permits the BOP to place an inmate in home confinement, then § 3621(e)(2)(A) — which, for all relevant purposes, is *identical* to § 4046(c) — must likewise grant the BOP such authority. This interpretation is consistent with the implicit definition of "custody" recognized by the Supreme Court and the Eighth Circuit, under which it is the BOP's control over the inmate, rather than the place of the inmate's confinement, that defines whether an inmate is in BOP custody.

The Court therefore concludes that placing an inmate in home confinement is consistent with the requirement in § 3621(e)(2)(A) that an inmate who has successfully completed a program of residential substance abuse treatment "remain in the custody of the Bureau under such conditions as the Bureau deems appropriate." Having concluded (1) that Toole has "successfully completed a program of residential substance abuse treatment" within the meaning of § 3621(e)(2)(A); (2) that § 3621(e)(2)(A) gives the BOP the authority to place an inmate in Toole's position in home confinement; and (3) that § 3624(c)(2) does not limit the BOP's authority to place an inmate in Toole's position in home confinement, the Court will grant Toole's petition and order the BOP to consider whether to place Toole in immediate home confinement.

ORDER

Based on all of the files, records, and proceedings herein, the Court SUSTAINS petitioner's objection [Docket No. 17] and DECLINES TO ADOPT the R&R [Docket No. 15]. IT IS HEREBY ORDERED THAT:

1. Petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus [Docket No. 1] is GRANTED.

2. Respondent is ORDERED to consider whether to place petitioner in immediate home confinement, using the same criteria that respondent would normally use to make such a determination under 18 U.S.C. § 3624(c)(2).

3. Petitioner's motion for an emergency or expedited hearing [ECF No. 2] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: December 19, 2012         s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge