UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL T. TOOLE, | Case No. 12-CV-2445 (PJS/TNL) |
| Petitioner, | |
| v. | ORDER |
| J.E. KRUEGER, Warden, | |
| Respondent. | |

D. Gerald Wilhelm, UNITED STATES ATTORNEY'S OFFICE, for respondent.

On December 19, 2012, the Court granted petitioner Michael Toole's petition for a writ of habeas corpus and ordered respondent to consider whether to place Toole in immediate home confinement.  ECF No. 21.  The Court found that Toole was eligible to be considered for such placement because he had completed the first component of the Residential Drug Abuse Program ("RDAP").  It bears emphasizing that the Court did *not* order respondent to place Toole in home confinement; instead, the Court merely held that respondent had the *authority* to place Toole in home confinement.  In response to the Court's order, respondent could simply have denied Toole's request.  But Toole had already been scheduled to be placed in home confinement on January 2, 2013, and, after receiving the Court's order, respondent decided to move up the date of Toole's placement to December 22, 2012.

This matter is before the Court on respondent's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).  Relying in large part on arguments that he did not make to the Court when opposing Toole's motion — and, indeed, on arguments that directly contradict some of the arguments (and concessions) that he made at that time — respondent essentially argues

that the Court's decision was wrong and will burden the Bureau of Prisons ("BOP"), because it will inspire other prisoners to attempt to follow in Toole's footsteps.

The problem with respondent's motion is that this case is now moot. Toole has obtained all of the relief that he sought; he was, as noted, placed in home confinement. Not surprisingly, Toole has not responded to respondent's motion, which was filed over two months ago. Having achieved his objective, Toole obviously no longer cares what happens in this litigation. Respondent, too, no longer has any stake in this litigation. Respondent admits that he has no intention of attempting to re-imprison Toole — which is logical, given that, before the Court issued its order, respondent was planning to place Toole in home confinement on January 2, 2013. In short, respondent's legal status vis-a-vis Toole will remain exactly the same whether the Court grants or denies the relief sought by respondent. Quite simply, there is no longer a case or controversy between the parties. *See Ringo v. Lombardi*, 677 F.3d 793, 796 (8th Cir. 2012) (when there is no longer a case or controversy between the parties, the case is moot and the court lacks jurisdiction).

Respondent nevertheless argues that this case is not moot for two reasons:

First, respondent contends that even though this Court's order does not bind any court (or, for that matter, any judge of this District), and even though this Court's order does not require the BOP to do anything with respect to any prisoner except Toole, other prisoners who have completed the first component of the RDAP may learn about this Court's order, ask the BOP to place them in home confinement, and, in support of their requests, make the same arguments that Toole made and the Court accepted. Of course, nothing would prevent the BOP from *denying* any such requests; indeed, nothing would prevent the BOP from denying such requests for the

same reason that it initially denied Toole's request. But respondent argues, in essence, that most prisoners are not clever enough to come up with Toole's arguments on their own, and this Court's order will give prisoners the idea to make the same request that Toole made. This, in turn, will create work for the BOP. The Court is skeptical that the order of a single district-court judge in Minnesota will have the impact feared by the BOP, but, whether it does or not, this case remains moot. The fact that the Court's order might — like, say, a law-review article or an op-ed column — inspire others to make particular arguments in *future* cases does not mean that *this* case is not moot.

Second, respondent argues that, because Toole is in home confinement subject to conditions, he may be imprisoned again, and he may then be able to rely on the Court's order. For this reason, respondent contends, this case falls within the exception to mootness for claims that are capable of repetition, yet evading review. "To come within this narrow exception, the following two elements must exist: (1) there must be a reasonable expectation that the same complaining party [i.e., Toole] will be subjected to the same action again, and (2) the challenged action must be of a duration too short to be fully litigated before becoming moot." *Ringo*, 677 F.3d at 798 (citation and quotations omitted).

Neither element exists here. Clearly, there is not "a reasonable expectation" that *Toole* will again be told by the BOP that, under the particular circumstances that gave rise to Toole's petition, the BOP does not have authority to place Toole in home confinement. For Toole to "be subjected to the same action again": (1) Toole would have to violate a condition of his home confinement; (2) Toole's violation would have to be serious; (3) Toole's violation would have to result in his being incarcerated again; (4) Toole would have to again participate in the RDAP;

(5) Toole would again have to again ask the BOP to release him to home confinement after completing the first component of the RDAP;[1] and (6) Toole would have to again make this request before he would become eligible for home confinement under the BOP's view of the law. There is virtually no chance that all of these circumstances will converge to give rise to the same controversy.

As for the second element, while it is true that this case became moot before the parties had a full opportunity to litigate, the circumstances of this case were unusual, and there is no reason to think that, in the future, the BOP will not have an opportunity to "fully litigat[e]" the relevant issues. Indeed, respondent argues that, under the Court's view of the law, a defendant sentenced to 30 years in prison could become eligible for home confinement after serving only six months. ECF No. 26 at 25. Putting aside the fact that, in the real world, that will never happen,[2] the government's hypothetical illustrates that, in the future, parties will have plenty of time to litigate similar controversies before they become moot. In short, this case does not come close to meeting either of the criteria necessary to fall within the exception for controversies that are "capable of repetition, yet evading review."

---

[1]Alternatively, respondent might mean to suggest that, because Toole completed the first component of the RDAP during his original incarceration, Toole would automatically remain eligible for home confinement during subsequent periods of incarceration. This seems doubtful, however, and respondent does not explicitly rely on any such suggestion.

[2]For the government's scenario to occur, the BOP would have to enroll a prisoner in the RDAP the moment that he was sentenced. But the Court has been informed in the past that, as a practical matter, prisoners are not ordinarily allowed to participate in the RDAP until they are within a couple of years of their release dates, which reflects the fact that there is a long waiting list for the RDAP, and, by law, the BOP must give "priority for such treatment . . . based on an eligible prisoner's proximity to release date." 18 U.S.C. § 3621(e)(1)(C). Thus, no prisoner sentenced to 30 years is going to complete the first component of the RDAP only 6 months into his sentence; to the contrary, he will likely be about 25 years into his sentence at that point.

Alternatively, respondent argues that, if this case is moot, the Court should vacate its order. As respondent points out, appellate courts sometimes vacate the judgments of lower courts when the case has "become moot due to circumstances unattributable to any of the parties." *Karcher v. May*, 484 U.S. 72, 83 (1987). Respondent's argument, however, essentially invites this Court to take on the role of an appellate court, which the Court declines to do. The Court is unaware of any authority suggesting that, after a case has become moot, a district court should go back and vacate an order that one of the parties does not like — not because the order continues to bind the party, but because the party is afraid that the order be read and will plant ideas in the heads of future litigants. Moreover, even if the Court were to vacate its order, it would not prevent the harm that the BOP seeks. In the Internet age, vacated orders do not disappear. Even if the Court were to vacate its order, it would remain readily available to anyone who wishes to read it.

Finally, respondent argues for the first time that the Court lacked jurisdiction over Toole's § 2241 petition. The Court finds respondent's jurisdictional argument doubtful; respondent previously argued that the Court *did* have jurisdiction over Toole's petition, and the Court believes that respondent was probably correct the first time. But the Court cannot resolve the jurisdictional argument because the case is now moot. Respondent is correct that, as a general matter, jurisdictional arguments cannot be *waived*. That does not mean, however, that jurisdictional arguments cannot become *moot*. When that happens — when nothing turns on the court's resolution of a jurisdictional issue because there is no longer a live controversy between the parties — the court lacks jurisdiction to decide whether the original invocation of its jurisdiction was proper. *See South Dakota v. Hazen*, 914 F.2d 147, 148-49 (8th Cir. 1990)

("[W]e conclude that the case is now moot, and we decline to issue what would amount to an advisory opinion on the jurisdictional question. . . . If the case is no longer live, we must refrain not only from reaching its merits but also from ruling on our power to review the matter."). Respondent's motion is therefore denied.

## ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT respondent's motion to reconsider [ECF No. 25] is DENIED.

Dated: March 26, 2013                                  s/Patrick J. Schiltz
                                                       Patrick J. Schiltz
                                                       United States District Judge